UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-1781JLR |
| Plaintiff, | ORDER |
| v. | |
| VAPOR CITY AND SMOKE LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") third motion for an extension of time to perfect service on Defendant Vapor City and Smoke LLC ("Vapor City"). (3d Mot. (Dkt. # 13).) Because none of the Defendants have appeared in this action, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide this motion before its noting date. *See* Fed. R. Civ. P. 1 (directing courts to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court has reviewed GS Holistic's

ORDER - 1

motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS GS Holistic's motion.

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on November 20, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on February 18, 2024. Fed. R. Civ. P. 4(m). On February 21, 2024, the court granted GS Holistic a 45-day extension of this deadline because GS Holistic's process server did not properly serve Vapor City. (*See* 2/21/24 Order (Dkt. # 9).) Then, on April 9, 2024, the court granted GS Holistic a second 45-day extension of the deadline because GS Holistic's subsequent service attempts were unsuccessful. (*See* 4/9/24 Order (Dkt. # 12).)

On April 9, 2024, GS Holistic's process server again attempted to serve Vapor City via its registered agent, Defendant Saraj Khan. (3d Mot. ¶ 13.) A person living with Mr. Khan informed the process server that Mr. Khan had suffered a stroke and was unable to come to the door to accept service. (*Id.* ¶ 14.) GS Holistic's process server has since tried to follow up by phone but has been unsuccessful. (*Id.* ¶ 15.) As a result, GS

Holistic requests an additional 30 days to determine whether it will pursue its lawsuit against Mr. Khan and to attempt to effect proper service on Vapor City.  (*Id.* ¶ 20.)  The court concludes, in light of Mr. Khan's apparent medical condition, that GS Holistic has established good cause for a 30-day extension of the deadline to serve Vapor City.  Accordingly, the court GRANTS GS Holistic's motion (Dkt. # 13).  GS Holistic shall file proof of proper service on Vapor City by no later than **June 19, 2024.**  No further extensions of this deadline will be granted absent exceptional circumstances.

Dated this 21st day of May, 2024.

JAMES L. ROBART
United States District Judge